**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000892
04-FEB-2020
07:48 AM**

NO. CAAP-18-0000892

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF GC

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-S NO. 18-0036)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Father-Appellant (Father), a self-represented litigant, appeals from the October 16, 2018 "Order Re: Chapter 587A H.R.S. as Amended" (Amended Order), entered by the Family Court of the Third Circuit (family court),[1] which awarded foster custody of Father's child, GC, to the Department of Human Services (DHS). Father also challenges the family court's ordering of the September 11, 2018 Family Service Plan (9/11/18 Family Service Plan)[2] prepared and submitted by DHS.

---

[1] The Honorable Dakota K.M. Frenz presided.

[2] The Family Service Plan attached to Father's Notice of Appeal is dated September 21, 2018. In his Opening Brief, Father refers to the Family Service Plan dated November 13, 2018. The record, however, does not indicate that the family court ever ordered the September 21, 2018 Family Service Plan or the November 13, 2018 Family Service Plan. It appears that DHS submitted the November 13, 2018 Family Service Plan to the family court on November 15, 2018. On that same day, the family court held a periodic review hearing. The record does not contain a transcript for that hearing, but the minutes for that hearing do not indicate that the family court ordered the November 13, 2018 Family Service Plan.

The minutes for the September 21, 2018 service plan hearing

Father argues the family court erred by awarding DHS foster custody of GC (1) based on an erroneous presumption that a parent who is the sole legal and physical custodian of a child and out on bail pending a criminal trial that would not occur for months, is irrebuttably unable to care for the child, (2) after erroneously prohibiting Dr. Reneau Kennedy from testifying at the contested-jurisdiction hearing, (3) based on a clearly erroneous finding that there was reasonable cause to believe placement in foster custody was necessary to protect GC from imminent harm, (4) after erroneously applying a preponderance-of-the-evidence standard of proof, (5) based on insufficient evidence, and (6) where neither DHS's "argument" nor the family court's oral or written orders fully considered the entire range of factors set forth in Hawaii Revised Statutes (HRS) § 587A-7, as required.

Father argues the family court erred by ordering the 9/11/18 Family Service Plan because it erroneously (1) recommended continuing foster custody rather than returning GC to Father, (2) recommended that Father participate in a Comprehensive Counseling and Support Services Assessment (CCSSA) and Comprehensive Psychological Evaluation (Psychological Evaluation), (3) failed to recommend a CCSSA and Psychological Evaluation for GC's mother, Mother-Appellee (Mother),[3] (4) failed to recommend unsupervised visits between GC and Father, and (5) granted an "assigned therapist" authority to approve visitation.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

reflect that the family court ordered the 9/11/18 Family Service Plan. As the substance of Father's challenges raised on appeal are relevant to the 9/11/18 Family Service Plan, we believe he intends to challenge that document here.

[3]     The 9/11/18 Family Service Plan was between DHS and Father and did not include Mother. Although Mother is involved in the November 13, 2018 Family Service Plan, which Father references in his Opening Brief, as we discussed *supra* in footnote 2, the record does not reflect that the family court ordered the November 13, 2018 Family Service Plan and Father's challenge is thus limited to the 9/11/18 Family Service Plan. Therefore, we decline to address this point of error because it pertains to an issue not covered by the 9/11/18 Family Service Plan.

the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Father's appeal as follows:

I.

Father argues there was insufficient evidence to divest him of custody of GC. Related to this argument is his contention that findings of fact (FOFs) "A"-"F" and part of "K"[4] are erroneous.

## A. FOF "D" is wrong.

Father argues the family court erroneously found in FOF "D" that there was reasonable cause to believe placement in foster custody was necessary to protect GC from imminent harm.

---

[4]    FOFs "A"-"F" and "K" provide, in relevant part:

A.    Continuation in the family home would be contrary to the immediate welfare of the child;

B.    Under the circumstances presented in this case, the DHS made reasonable efforts to prevent or eliminate the need for removal of the child from the family home;

C.    Under the circumstances presented in this case, the DHS made reasonable efforts to finalize the permanency plan which, in this case, is reunification;

D.    There is reasonable cause to believe that placement in foster custody is necessary to protect the child from imminent harm;

E.    Presently, [Father], cannot provide a safe family home for the child, even with the assistance of a service plan;

F.    Based upon the testimony of the witnesses, report(s) submitted pursuant to §§ 587A-7 and 587A-18, HRS, as amended, the exhibits that were received into evidence, and the record herein, there is an adequate basis to sustain the petition in that the child's physical or psychological health or welfare has been harmed or is subject to threatened harm by the acts or omissions of the child's family—to wit:  on May 7, 2018, [Father] was arrested by law enforcement officials and taken into custody, pursuant to an arrest warrant, in CR. NO. 18-0059, USA v. [Father];

.   .   .   .

K.    The current placement of the child is . . . appropriate[.]

3

Father points out that "'[i]mminent harm' means that without intervention within the next ninety days, there is reasonable cause to believe that harm to the child will occur or reoccur." HRS § 587A-4 (2018). At trial, the family court was clear that a presumption of innocence applied. However, separate and apart and without any facts in the record before this court, the family court took into consideration the possibility that Father's pretrial bail release could be revoked. This presupposition without evidentiary support is clearly erroneous. Because FOF "D" is based on this clearly erroneous presupposition, it is wrong.[5]

**B.  FOFs "A," "E," and "K" are wrong and there was insufficient evidence to support the family court's award of foster custody as to Father.**

Because FOF "D" is wrong, there is insufficient evidence to support the family court's conclusions in FOFs "A," "E," and "K," and they are wrong.[6] Therefore, there is insufficient evidence to support the family court's order of foster custody to DHS as to Father.[7]

---

[5]     FOF "D" is actually a conclusion of law (COL) and we review it according to the right/wrong standard. In re Doe, 95 Hawai'i 183, 190, 20 P.3d 616, 623 (2001).

[6]     FOFs "A," "E," and "K" are actually COLs and we review them according to the right/wrong standard. Id.

[7]     In light of our conclusion that the family court erred in awarding DHS foster custody of GC as to Father, we need not reach Father's remaining points of error as they also relate to the custody determination as to Father.

**II.**

Therefore, IT IS HEREBY ORDERED that the Family Court of the Third Circuit's award of foster custody of GC to DHS as to Father in the October 16, 2018 "Order Re: Chapter 587A H.R.S. as Amended" is reversed.

DATED:   Honolulu, Hawaiʻi, February 4, 2020.


On the briefs:

Father,
Self-Represented, Appellant.

Asami M. Williams,
Julio C. Herrera,
and Erin L.S. Yamashiro,
Deputy Attorneys General,
for DHS, Appellee.

Presiding Judge

Associate Judge

Associate Judge

5